Appellant, Alexander Hall, is appealing the consecutive sentences imposed in Cuyahoga County Court of Common Pleas case number 367810 and 369882. For the following reasons, we vacate the judgment of sentencing and remand for re-sentencing.
Appellant was found guilty of possession of crack cocaine, not greater than ten grams, and possession of criminal tools in case number 367810. Both offenses were fifth degree felonies. The trial court sentenced appellant to six months for each offense, to run consecutively. The sentencing journal entry states that the court considered all of the factors required by law.
The offenses in case number 369982 were committed after appellant was indicted for case number 367810, but before trial. The jury found appellant guilty of possession of crack cocaine in an amount greater than 25 grams but less than one hundred grams, a first degree felony. Appellant was found guilty of preparation of drugs for sale, a fourth degree felony, and possession of criminal tools, a fifth degree felony. Appellant was sentenced to four years, 9 months and 6 months, respectively, for these three offenses. All the sentences were to run consecutively, and consecutive to the sentences in case number 367810. The sentencing journal entry states that the court considered all the factors required by law.
The presentence report indicated that since appellant's first child was born nine years ago, he did not have trouble with the law until the incidents in question. Appellant was employed in June of 1998. Appellant's girlfriend testified that she has four children with appellant. Appellant takes good care of the children. Some of the children are disabled, so she especially needs appellant's help.
The presentence report stated that according to the police, they observed appellant engage in what appeared to be hand-to-hand drug transactions with several people prior to both arrests. The officers found appellant in possession of 13.36 grams of crack cocaine on the first occasion and 26.29 grams of crack on the second occasion.
At the sentencing, the trial court made no findings and did not state why consecutive sentences were imposed.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE FINDINGS REQUIRED BY STATUTE.
 R.C. 2929.14(E)(4) provides in pertinent part: If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (March 2, 2000), Cuyahoga App. No. 75605, 75606, unreported; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported. It is not enough that the record before the trial court adequately supports the imposition of consecutive sentences. State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. Rather, the record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona; Nichols, supra, citing State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute, however, it must be clear from the record that the trial court made the required findings. State v. Garrett, (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
In this case, the trial judge made no findings. It is by no means clear that the trial court's decision process considered all the requisite statutory factors.
Accordingly, the judgment of sentencing is vacated and the matter remanded for re-sentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., AND JAMES M. PORTER, J., CONCUR
 ________________________________ ANN DYKE, ADMINISTRATIVE JUDGE